# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER OPINION

Michael T. Dolan
21 Kent Place
Smithtown, New York 11787
*Pro se Plaintiff*

Frederick Nicoll
95 Route 17 South
Suite 203
Paramus, New Jersey 07652
*Pro se Defendant*

Peter C. Harvey, Attorney General
Denise M. Illes, Deputy Attorney General
22 S. Clinton Avenue
Station Plaza #4, 2nd Fl.
P.O. Box 117
Trenton, New Jersey 08625-0117
*Attorney for State Defendants*

**Re:    Dolan v. Nicoll, et al.,**
        **Docket No. 04-CV-2584 (WJM)**

Dear Counsel:

     This matter is before the Court on State defendants' motion to dismiss and *pro se* defendant Frederick Nicoll's motion for summary judgment, which this Court treats as a motion to dismiss.  Also before the Court are *pro se* plaintiff Michael Dolan's motions to stay the enforcement of an administrative judgment and to amend the complaint to add parties.  For the reasons set forth below, the complaint is **DISMISSED**, and plaintiff's motions to stay and amend are **DENIED**.

## A. Statement of Facts

Plaintiff Dolan was a licensed insurance producer in the State of New York.  (Complaint ¶ 17.)  Upon a complaint by defendant Nicoll, the Department of Banking and Insurance for the State of New Jersey ("NJDOBI") opened an investigation against plaintiff.  (*Id.*  ¶ 4.)  After providing various opportunities to be heard, the New Jersey Office of Administrative Law ("OAL") concluded plaintiff violated various insurance regulations, including soliciting policies without first obtaining a license and engaging in deceptive sales practices.  Plaintiff was fined $45,000 and ordered to pay the investigator's fee of $1,125.  (Illes Cert. Exh. O.)  Neither party filed exceptions and the Commissioner entered a final decision adopting the OAL's decision.  (*Id.* at Exh. P.)  During these proceedings, plaintiff filed a complaint with the District Court of New Jersey, which was dismissed by Judge Chesler.  (*Id.* at Exhs. F & G.)  Plaintiff also filed an order to show cause to stay the OAL proceedings, which was also denied by Judge Chesler.  (*Id.* at Exhs. K & L.)  Plaintiff has since filed this complaint (Compl. ¶ 2), and also filed an appeal from the Commissioner's Final Order with the Superior Court of New Jersey, Appellate Division.  (State Def.'s Reply Br. at Exh. A.)  Plaintiff's complaint, while convoluted, appears to be alleging a violation procedural and substantive due process as a result of loss of future opportunities due to defamation, in addition to alleging a pendant state claim of defamation.  (Compl. ¶ 2.)  Plaintiff makes these allegations as to all defendants and seeks to treat Nicoll, a private citizen, as a state actor under the guise of 42 U.S.C. § 1983 as a result of acting in concert with state officials in defaming plaintiff.  (Compl. ¶¶ 6-7.)

State defendants filed a motion to dismiss pursuant to the abstention doctrine, Eleventh Amendment immunity, and failure to plead a violation of a constitutional right.  (*Id.* at 7-8.)  Defendant Nicoll filed a summary judgment motion, which this Court treats as a motion to dismiss, adopting the arguments of the State defendants in their motion to dismiss and also claiming the complaint is based on privileged communications.  (Nicoll's Br. at 2.)  Plaintiff then filed a motion to stay enforcement of the NJDOBI judgment and to amend the complaint to add defendants.  (Pl. Mot. to Stay at 1.)

## B.  Standard of Review

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *Robb v. Philadelphia*, 733 F.2d 286, 290 (3d Cir. 1984).  In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the

allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

In the case of a *pro se* litigant, the court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

### C.  Analysis

#### (1) Motion to Dismiss

State defendants argue plaintiff failed to allege a constitutionally protected right pursuant to 42 U.S.C. § 1983, thus plaintiff's complaint should be dismissed.   Inasmuch as this Court treats Nicoll as a state actor under the guise of § 1983, the analysis of this claim applies to Nicoll in the same manner it applies to the State defendants.  *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970) (private actors who willfully join the efforts of a state actor in violating a constitutionally protected right can be liable under federal civil rights statutes).

Plaintiff's complaint alleges a violation of procedural and substantive due process pursuant to § 1983 for defamation that resulted in the loss of future employment opportunities. (Compl. ¶ 2.)   In order to sustain a § 1983 cause of action, plaintiff must allege a deprivation of a constitutionally protected right.  *D.R. v. Middle Bucks Area Vocational Technical School*, 972 F.2d 1364, 1368 (3d Cir. 1992).  Reputation alone is not a liberty or property interest protected by the Fourteenth Amendment.  *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).  In order for a defamatory statement to deprive an individual of a liberty or property interest pursuant to the Fourteenth Amendment, the defamation must occur in the course of termination of employment or failure to rehire.  *Id.* at 233.  *See also Paul v. Davis*, 424 U.S. 693, 710 (1976).

Plaintiff did not allege the defamatory statements were made while in the process of terminating his employment or refusing to rehire him.  Rather, plaintiff simply alleged damage to his reputation that resulted in loss of future opportunities, an injury that is recoverable under state tort laws.  *Siegert*, 500 U.S. at 232.  In essence, plaintiff brought a cause of action that would be considered nothing more than a state tort action for defamation had the defendants been private individuals.  *See Paul*, 424 U.S. at 701 (the Due Process clause cannot be a vehicle to assert and create general federal tort law).  Thus, plaintiff failed to state a claim upon which relief may be granted because he failed to assert a deprivation of a constitutionally protected right.

All other arguments posed by defendants in their motions need not be addressed as plaintiff has not asserted a cognizable claim pursuant to § 1983.  Notably, this Court recognizes sovereign immunity afforded to the states and their agencies pursuant to the Eleventh Amendment, *Fitchik v. New Jersey Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989); however, this matter does not require such a discussion.  To the extent plaintiff's complaint may allege a defamation action, this Court declines to exercise supplemental jurisdiction as the claim

over which original jurisdiction exists is dismissed.  *See* 28 U.S.C. § 1367(c)(3).  *See also In re Merrill Lynch*, 911 F. Supp. 754, 774 (D.N.J. 1995).  In conclusion, the complaint is dismissed in its entirety.

### (2) Motion to Stay Enforcement of the NJDOBI Judgment

Plaintiff recently filed a motion to stay the enforcement of the NJDOBI judgment so that he may proceed with his matter before this Court and with his appeal before the Superior Court of New Jersey, Appellate Division.  Pursuant to the Anti-Injunction Act, "A Court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  *See* 28 U.S.C. § 2283.  *See also Raygor v. Regents Univ. Of Minnesota*, 534 U.S. 533, 550 n.1 (2002).  This Court is not aware of any act authorizing it to stay the enforcement of the NJDOBI judgment, nor has plaintiff provided any support for such an action.  Further, as noted above, plaintiff's complaint is dismissed for failure to state a claim; thus, this Court need not take action in aid of its jurisdiction or to protect its judgment.  Therefore, plaintiff's motion to stay the NJDOBI judgment is denied.

### (3) Motion to Amend to Add Parties

In plaintiff's motion to stay the enforcement of the NJDOBI judgment, plaintiff also seeks to name additional parties in the complaint before this Court.  Thus, this Court will consider that request as a motion to amend the complaint.

Pursuant to Fed. R. Civ. P. 15(a), leave to amend shall be freely granted in the absence of any apparent or declared reason, such as futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Because this matter is dismissed for failure to state a claim, the motion to amend is futile, and therefore denied.

### D. Conclusion

In conclusion, the complaint is **DISMISSED**, and plaintiff's motions to stay and amend are **DENIED**.

An order will be issued consistent with this letter opinion.

**Dated:** July 13, 2005                                  s/William J. Martini

                                                          _____
                                                          **WILLIAM J. MARTINI, U.S.D.J.**

4