# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI
JUDGE**

## LETTER OPINION

Michael T. Dolan
21 Kent Place
Smithtown, New York 11787
*Pro se Plaintiff*

Frederick Nicoll
95 Route 17 South
Suite 203
Paramus, New Jersey 07652
*Pro se Defendant*

Peter C. Harvey, Attorney General
Denise M. Illes, Deputy Attorney General
22 S. Clinton Avenue
Station Plaza #4, 2nd Fl.
P.O. Box 117
Trenton, New Jersey 08625-0117
*Attorney for State Defendants*

    Re:    **Dolan v. Nicoll, et al.,
            Docket No. 04-CV-2584 (WJM)**

Dear Counsel:

    This matter is before the Court on plaintiff's motion for reconsideration. For the reasons stated below, plaintiff's motion is **DENIED**.

    Since the facts of this matter were sufficiently set forth in the July 2005 opinion, the following will only be a brief summary. Plaintiff Michael Dolan was a licensed insurance producer in the State of New York. Upon a complaint by defendant Frederick Nicoll, the Department of Banking and Insurance for the State of New Jersey opened an investigation

against plaintiff.  After providing various opportunities to be heard, the New Jersey Office of Administrative Law ("OAL") concluded plaintiff violated various insurance regulations, including soliciting policies without first obtaining a license and engaging in deceptive sales practices.  Plaintiff was fined $45,000 and ordered to pay the investigator's fee of $1,125. Neither party filed exceptions and the Commissioner entered a final decision adopting the OAL's decision.

Plaintiff then filed a complaint alleging a violation of procedural and substantive due process as a result of loss of future opportunities due to defamation, in addition to alleging a pendant state claim of defamation.  Plaintiff made these allegations as to all defendants and sought to treat defendant Nicoll, a private citizen, as a state actor under the guise of 42 U.S.C. § 1983 alleging Nicoll acted in concert with state officials in defaming plaintiff.   Defendants filed a motion to dismiss arguing, among other things, plaintiff failed to plead a violation of a constitutional right.  This Court granted the motion dismiss for failure to plead a violation of a clearly established constitutional right as is required under § 1983.  Plaintiff now seeks reconsideration.

Pursuant to Local Rule 7.1(g),  reconsideration should be granted only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked.  See Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995).  The moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [court] has overlooked." L. Civ. R. 7.1(g).  A motion under Rule 7.1(g) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  Database Am., 825 F. Supp. at 1220; North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995). The decision to grant or deny a motion to reconsider is within the discretion of the district court judge.  Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 160 (3rd Cir. 1998).

Plaintiff does not present any new evidence, nor is there change in the law or an erroneous application of the law.  Rather, plaintiff refers to the same set of facts and law presented in the original motion to maintain his current arguments.  Therefore, the Court **DENIES** plaintiff's motion for reconsideration.

A separate order will be entered consistent with this letter opinion.

                /s/William J. Martini

**Dated:** 9/12/05

                **William J. Martini, U.S.D.J.**

3